Maurice E. BARNES, Plaintiff–Appellant,

v.

Colorado DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Ross James, a Hearing Officer thereof, Defendants–Appellees.

No. 99CA2181.

Colorado Court of Appeals, Div. I.

Nov. 24, 2000.

Benjamin E. Colkitt, III, Englewood, CO, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Robert H. Dodd, Jr., Assistant Attorney General, Denver, CO, for Defendants–Appellees.

Opinion by Judge PLANK.

Plaintiff, Maurice Barnes, appeals the trial court's judgment upholding the revocation of his driver's license by the Department of Revenue, Motor Vehicle Division. We reverse and remand.

Plaintiff was arrested by an Aurora Police officer for driving while under the influence of alcohol. As a result, plaintiff's driver's license was subject to revocation. Plaintiff requested a hearing regarding the revocation and notified the Motor Vehicle Division of the Department of Revenue, pursuant to § 42–2–126(8)(e)(II), C.R.S.2000, that he desired the presence of the arresting officer at the hearing.

At the hearing, counsel for plaintiff was informed that the arresting officer would tes-

tify via a live, two-way video link. Before and throughout the hearing, counsel objected to the use of the video, contending that it deprived plaintiff of due process, constituted an administrative rule in violation of the Administrative Procedure Act, and violated § 42–2–126(8)(e)(II).

Specifically, counsel argued that he was not notified that the video technology would be used, that it prevented him from conducting his cross-examination, and that the arresting officer was not present as required by statute. The hearing officer overruled counsel's objections, concluded that the State had met its burden of proof, and entered an order of revocation.

Plaintiff sought judicial review of the Department's order. The trial court affirmed the order, concluding that the Department had acted within its authority. Plaintiff now appeals that judgment.

■ Plaintiff argues that allowing the arresting officer to testify via two-way video violated § 42–2–126(8)(e)(II) because the statute requires the officer to be physically located at the revocation hearing. We agree.

Section 42–2–126(8)(e)(II) provides, in pertinent part, that:

If the respondent notifies the department in writing at the time that the hearing is requested that the respondent desires *the law enforcement officer's presence at the hearing,* the department shall issue a written notice for the officer to appear at the hearing. (emphasis added)

■ A court's primary task in construing a statute is to give effect to the intent of the General Assembly. In determining legislative intent, courts must look first to the language of the statute. Words and phrases should be given effect according to their plain and ordinary meaning and, unless it would lead to an absurd result, a court must not strain to give statutory language anything other than its plain meaning. *Farmers Group, Inc. v. Williams,* 805 P.2d 419 (Colo. 1991).

■ While an agency's statutory interpretation is entitled to deference, a court is not bound by an agency interpretation that is

inconsistent with the clear language of the statute or with legislative intent. *Popke v. Industrial Claim Appeals Office,* 944 P.2d 677 (Colo.App.1997).

The statute does not define "presence." *Black's Law Dictionary* 1183 (6th ed.1990) defines "presence" as:

Act, fact, or state of being in a certain place and not elsewhere, or within sight or call, at hand, or in some place that is being thought of. The existence of a person in a particular place at a given time particularly with reference to some act done there and then.

Further, *Webster's* Third New International Dictionary 1793 (1981) defines "presence" as:

The state of being in one place and not elsewhere: the condition of being within sight or call, at hand, or in a place being thought of: the state of being in company, attendance, or association: the state of being in front of or in the same place as someone or something.

Both definitions indicate that the plain, commonsense meaning of "presence" requires physical location in the same place as the referring person or thing. The fact that both definitions use the language "being in one place and not elsewhere" dictates that one can be present only at one place at one time. We can only interpret this language to mean that a person must be in the same place as the referring person or thing in order to be present.

In *U.S. v. Navarro,* 169 F.3d 228 (5 Cir. 1999), the court endorsed this interpretation by its holding that the term "presence" in the context of Fed.R.Crim.P. 43(a) requires the defendant's actual, physical presence. There, a defendant requested that he be sentenced in person rather than by videoconference, arguing on appeal that the plain language of Fed.R.Crim.P. 43(a) required that he be present during sentencing. The court agreed, stating that the plain consequence of the dictionary definitions of "presence" is that "a person must be in existence at a certain place in order to be 'present,' which is not satisfied by videoconferencing." *U.S. v. Navarro,* 169 F.3d at 236. We find

this interpretation persuasive and construe the term "presence" in the same fashion.

■ Thus, we conclude that the plain meaning of the term "presence" in § 42–2–126(8)(e)(II) requires the law enforcement officer to be physically present at the revocation hearing. Accordingly, here, that requirement was violated, and the resulting revocation cannot stand.

The judgment is reversed, and the cause is remanded with directions that the matter be returned to the Department of Revenue for a new hearing.

METZGER and ROTHENBERG, JJ., concur.