Paul WIESNER, Plaintiff–Appellant,

v.

Roxy HUBER, Executive Director of the Motor Vehicle Division, Department of Revenue, State of Colorado, Defendant–Appellee.

No. 09CA0600.

Colorado Court of Appeals, Div. VII.

March 4, 2010.

Law Firm of Dineen Deel, Dineen T. Deel, Robert T. Bettenberg, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Ana C. Bowman, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROMÁN.

Petitioner, Paul Wiesner, appeals a district court order affirming the three-month suspension of his driver's license and the finding that he was a "persistent drunk driver" by the Colorado Department of Revenue, Motor Vehicle Division (the Department). We agree with petitioner that the presumption of accuracy denoted in former section 42–2–126(9)(c)(II) (now codified with amendments at section 42–2–126(8)(e)(II), C.R.S.2009), did not apply to "persistent drunk driver" determinations. Accordingly, we reverse and remand.

## I. Background

On March 7, 2008, petitioner was pulled over after a police officer noticed his vehicle weaving across lanes. Upon contacting petitioner, the officer smelled a distinct alcoholic odor on his breath and observed bloodshot eyes. Petitioner unsatisfactorily performed roadside sobriety maneuvers and was arrested for driving under the influence of alcohol.

Petitioner agreed to submit to a blood test. One blood sample was analyzed by technicians at the Laboratory Services Division. The analysis of that blood sample indicated 0.18 grams of alcohol per 100 milliliters of blood (BAC). Petitioner also opted to have an independent laboratory analyze his blood sample pursuant to former section 42–2–126(9)(c)(II). That test result indicated 0.165 BAC. Under section 42–1–102(68.5), C.R.S.

2009, a driver with a BAC of 0.17 or more is deemed a "persistent drunk driver."

At the revocation hearing, the hearing officer relied on the 0.18 BAC test, citing the presumption of accuracy defined in former section 42–2–126(9)(c)(II). Because petitioner's BAC exceeded 0.17, he was deemed a "persistent drunk driver." In addition to license revocation, a person defined as a "persistent drunk driver" under section 42–1–102(68.5), must install an ignition interlock device and submit to additional alcohol and drug education and treatment programs. Ch. 137, sec. 1, § 42–2–126(6)(b)(IX)(A.5), 2007 Colo. Sess. Laws 502 (similar provision now codified at § 42–2–127(14)(a)(I)(B), C.R.S.2009); Ch. 297, sec. 2, § 42–2–126(7)(c)(II), 2006 Colo. Sess. Laws 1366 (similar provision now codified at § 42–2–126(4)(d)(II)(A), C.R.S.2009).

The hearing officer's order was affirmed on review by the district court.

## II. Presumption of Accuracy in BAC Results

Petitioner contends that the presumption of accuracy described in former section 42–2–126(9)(c)(II) applied only to revocation hearings and not to "persistent drunk driver" determinations. We agree.

Judicial review of revocation proceedings is governed by section 42–2–126(9)(b), C.R.S.2009 (formerly codified at section 42–2–126(10)(b)), which permits a reviewing court to reverse the Department's revocation action if the Department has made an erroneous interpretation of law. *See Shafron v. Cooke*, 190 P.3d 812, 814 (Colo.App.2008). Consequently, we are in the same position as the district court in reviewing the revocation proceedings under section 42–2–126. The issue before us therefore concerns the propriety of the Department's revocation action under the administrative record.

As with any statute, our primary task in construing section 42–2–126 is to give effect to the General Assembly's intent by first looking to the statute's plain language. *Barnes v. Colo. Dep't of Revenue*, 23 P.3d 1235, 1236 (Colo.App.2000). "Words and phrases should be given effect according to

their plain and ordinary meaning and, unless it would lead to an absurd result, a court must not strain to give statutory language anything other than its plain meaning." *Id.*

■ Although the "construction of statutes by agencies charged with their enforcement is entitled to deference," *Gallion v. Colo. Dep't of Revenue,* 155 P.3d 539, 541 (Colo. App.2006), *aff'd,* 171 P.3d 217 (Colo.2007), an unwritten policy that is not promulgated through formal rulemaking is entitled no deference. *See Charnes v. Robinson,* 772 P.2d 62, 66–68 (Colo.1989); *see also Barnes,* 23 P.3d at 1236 (we are "not bound by an agency interpretation that is inconsistent with the clear language of the statute or with legislative intent").

Former section 42–2–126(9)(c)(I) stated in pertinent part:

> Where a license is revoked under subparagraph (I) or (I.5) of paragraph (a) of subsection (2) of this section, the *sole issue* at the hearing shall be whether, by a preponderance of the evidence, the person drove a vehicle in this state when the amount of alcohol, as shown by analysis of the person's blood or breath, in such person's blood was 0.08 or more grams of alcohol per one hundred milliliters of blood.... If the presiding hearing officer finds the affirmative of *the issue,* the revocation order shall be sustained. If the presiding hearing officer finds the negative of *the issue,* the revocation order shall be rescinded.

Ch. 137, sec. 1, § 42–2–126(9)(c)(I), 2007 Colo. Sess. Laws 503 (emphasis added).

Former subparagraph (9)(c)(II), which contained the language in question here, stated:

> When the determination of *the issue* pursuant to this paragraph (c) is based upon an analysis of the respondent's blood or breath and evidence is offered by the respondent to show a disparity between the results of the analysis done on behalf of the law enforcement agency and the results of the analysis done on behalf of the respondent ... there shall be a presumption favoring the accuracy of the analysis done on behalf of the law enforcement agency if such analysis showed the amount of alcohol in respondent's blood or breath to be 0.096 or more grams of alcohol per hundred milliliters of blood....

Ch. 236, sec. 5, § 42–2–126(9)(c)(II), 2004 Colo. Sess. Laws 782 (emphasis added).

As emphasized above in the statutory language, the terms "the issue" and "the sole issue" clearly referred to the revocation of a driver's license for a 0.08 blood or breath alcohol content. The phrase "persistent drunk driver" was not used in either subparagraph.

Rather, the phrase "persistent drunk driver" and its requirements are defined in the definitions section of the Uniform Motor Vehicle Law:

> "Persistent drunk driver" means any person who ... drives a motor vehicle while the amount of alcohol in such person's blood, as shown by analysis of the person's blood or breath, was 0.17 or more grams of alcohol per one hundred milliliters of blood....

§ 42–1–102(68.5).

That definition does not contain a presumption of accuracy in test results. Likewise, the areas within former section 42–2–126 that referred to a "persistent drunk driver" finding involved only the additional penalties and requirements assessed for such finding. *See* Ch. 137, sec. 1, § 42–2–126(6)(b)(IX)(A.5), 2007 Colo. Sess. Laws 502; Ch. 297, sec. 2, § 42–2–126(7)(c)(II), 2006 Colo. Sess. Laws 1366.

Additionally, the stated purposes of section 42–2–126 focus on the revocation of a driver's license, including (1) providing highway safety by quickly revoking the license of those drivers with excess BAC, and (2) guarding against erroneous deprivation of the driving privilege without the opportunity for a full hearing. § 42–2–126(1)(a)–(b), C.R.S.2009.

■ Given this clear statutory language, it is apparent that the General Assembly intended the presumption of accuracy in BAC to apply to the 0.08 limit required for license revocation. Conversely, there is no indication that it intended the presumption of accuracy in BAC to apply to the "persistent drunk driver" section of the statute. This is true even though the hearing officer referred

to an unwritten policy of the Department to apply the presumption of accuracy to "persistent drunk driver" findings. *See Robinson*, 772 P.2d at 66–68. As noted, where, as here, the clear statutory language demonstrates otherwise, we need not defer to the hearing officer's statutory construction. *See Barnes*, 23 P.3d at 1236.

Finally, we find petitioner's argument regarding the margin of error to be persuasive. The presumption of accuracy is likely intended as a margin of error for the BAC requiring revocation; we note that in 2004 it was comparatively lowered from 0.12 when the BAC for revocation was lowered from 0.10. *See* Ch. 236, sec. 5, § 42–2–126, 2004 Colo. Sess. Laws 782–84. The 0.096 BAC presumption of accuracy is a reasonable margin of error for the 0.08 BAC revocation finding. However, because 0.096 is considerably lower than 0.17, the presumption of accuracy does not represent a margin of error for the "persistent drunk driver" finding.

 We hold that the presumption of accuracy in the law enforcement blood or breath test results applies to the revocation of a license for a 0.08 or more BAC but does not apply to the higher—0.17—BAC required for a "persistent drunk driver" finding.

### III. Remand

Even though we have determined that the hearing officer erred in interpreting the law, the Department asserts that the hearing officer did not abuse his discretion in determining that petitioner was a "persistent drunk driver." Contrary to the Department's assertion, the hearing officer did not find the law enforcement test to be more accurate than the test submitted by petitioner. Indeed, the hearing officer stated that he would have considered the test submitted by petitioner had the statute not contained a presumption of accuracy. Thus, we conclude that the case must be remanded.

 "When an agency relies on a number of findings, one or more of which are erroneous, we must reverse and remand only when there is a significant chance that but for the errors the agency might have reached a different result." *Robinson*, 772 P.2d at 68; *cf.*

*Scherr v. Colo. Dep't of Revenue*, 49 P.3d 1217, 1220 (Colo.App.2002) (no remand necessary where any other decision would be arbitrary or capricious).

 Because the hearing officer did not make factual findings regarding the reliability of the two tests and instead stated that he would have considered the test submitted by petitioner under a different interpretation of the law, we conclude that there is a significant chance that the hearing officer might have reached a different result. *Id.* Consequently, we must remand for a "persistent drunk driver" determination.

Order reversed and case remanded in accordance with this opinion.

Judge J. JONES and Judge MILLER concur.