2013 COA 74

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Eddie Lee HOPKINS, Defendant–Appellant.**

**Court of Appeals No. 09CA0903**

Colorado Court of Appeals, Div. V.

May 23, 2013

254

Jefferson County District Court No. 08CR1353, Honorable M.J. Menendez, Judge, Honorable Tina Louise Olsen, Judge, Honorable Ruthanne Polidori, Judge.

John W. Suthers, Attorney General, Katherine A. Hansen, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Nathaniel E. Deakins, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE CARPARELLI

¶1 Defendant, Eddie Lee Hopkins, appeals the judgment of conviction entered upon a jury verdict finding him guilty of aggravated motor vehicle theft in the first degree. We affirm.

¶2 Aggravated motor vehicle theft in the first degree can be a class 4 or a class 3 felony.

(a) It is a Class 4 felony if the value of the motor vehicle or motor vehicles involved is twenty thousand dollars or less.

(b) It is a Class 3 felony:

[1] if the value of the motor vehicle or motor vehicles involved is more than twenty thousand dollars; or

[2] if the defendant has twice previously been convicted or adjudicated of charges separately brought and tried either in this state or elsewhere of an offense involving theft of a motor vehicle under the laws of this state, any other state, the United States, or any territory subject to the jurisdiction of the United States.

§ 18–4–409(3)(a) and (b) (format modified).

¶3 Here, based on proof that defendant had two prior convictions involving theft of a motor vehicle, the court ruled that the current charge was punishable as a class 3 felony, and sentenced defendant to ten years in prison.

¶4 Defendant contends that proof of his prior convictions is an "element" of the class 3 felony and that the trial court erred when it did not submit this element to the jury for its determination beyond a reasonable doubt. In the alternative, he argues that even if proof of prior convictions is not an element, due process required the court to submit the question to the jury. We reject both arguments.

## I. *Apprendi* Rule and Exception

¶5 In *Apprendi v. New Jersey,* 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 303–05, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) the United States Supreme Court held that due process and the notice and jury trial guarantees of the Sixth Amendment require that, except for proof of prior convictions ("prior conviction exception"), any fact that increases the statutory maximum penalty for a crime must be charged in the indictment and must be *Blakely*-compliant. That is, any such fact must be either:

1. submitted to the jury, and proved beyond a reasonable doubt;

2. admitted by the defendant after an advisement of rights; or

3. found by a judge after the defendant has stipulated to judicial fact-finding for sentencing purposes.

*People v. Huber,* 139 P.3d 628, 630 (Colo. 2006).

¶6 In *Lopez v. People,* 113 P.3d 713, 716, 730 (Colo.2005), the Colorado Supreme Court adopted the *Apprendi* rule and the exception for prior convictions, and used the term "*Blakely*-exempt" to refer to the prior conviction exception. Thus, any fact that increases a sentence beyond the statutory maximum for the offense must be either *Blakely*-exempt or *Blakely*-compliant.

## II. Prior Convictions

¶7 Defendant argues that notwithstanding the prior conviction exception, the General Assembly retains the power to include proof of one or more prior convictions in the defini-

tion of an offense, and, thereby, to make it an element of the offense. Here, he contends that the General Assembly made prior convictions an element of the class 3 felony first-degree aggravated motor vehicle theft. We are not persuaded.

### A. Elements

¶ 8 "The power to define criminal conduct and to establish the legal components of criminal liability is vested in the General Assembly." *Copeland v. People*, 2 P.3d 1283, 1286 (Colo.2000); *see*Colo. Const. art. V, § 1. The term "elements" refers to the legal components that are necessary to establish criminal liability. "The only 'facts' necessary to constitute a crime are said to be those that appear on the face of the statute as a part of the definition of the crime." *Patterson v. New York*, 432 U.S. 197, 221, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Any fact that constitutes an element of a crime must be submitted to the jury for a determination based on proof beyond a reasonable doubt. *Id.* at 210, 97 S.Ct. 2319.

### B. Not Separate Crimes

¶ 9 Defendant contends that the General Assembly wrote sections 18–4–409(3)(a) and (3)(b) to create the class 4 and class 3 felonies as separate crimes with separate elements. For this argument, he relies on section 18–1–104(2), which says, "Each offense falls into one of eleven classes." From this he asserts that first-degree aggravated motor vehicle theft cannot be both a class 4 felony and a class 3 felony. Instead, the class 4 felony and the class 3 felony must be separate offenses, each must have different elements, and each element must be proved beyond a reasonable doubt. We are not persuaded.

### 1. Statutory Interpretation

¶ 10 When construing a statute, we ascertain and give effect to the intent of the General Assembly. *Dubois v. People*, 211 P.3d 41, 43 (Colo.2009). "If the language in the statute is clear and the intent of the [General Assembly] may be discerned with reasonable certainty, it is not necessary to resort to other rules of statutory interpreta-

tion." *Id.* (quoting *McKinney v. Kautzky*, 801 P.2d 508, 509 (Colo.1990)).

¶ 11 "Words and phrases should be given effect according to their plain and ordinary meaning...." *Barnes v. Colo. Dep't of Revenue*, 23 P.3d 1235, 1236 (Colo.App.2000). We read the statute as a whole "to give 'consistent, harmonious and sensible effect to all of its parts,'" in accordance with the presumption that the General Assembly intended the entire statute to be effective. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo.2005) (quoting *Bd. of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d 1188, 1192 (Colo.2004)).

### 2. Elements of Aggravated Motor Vehicle Theft in the First Degree

¶ 12 Section 18–4–409(2)(a) states that a person commits aggravated motor vehicle theft in the first degree "if he or she knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception," and "[r]etains possession or control of the motor vehicle for more than twenty-four hours." Thus, the elements of the offense as defined by the General Assembly include the following actus reus:

1. obtaining or exercising control over the motor vehicle of another;
2. without authorization or by threat or deception; and
3. retaining control of the motor vehicle for more than twenty-four hours.

In addition to these, the statute requires proof of mens rea, that the defendant acted "knowingly." *Id.*

¶ 13 When the prosecution submits proof of each of these elements to the jury and the jury finds that they were proved beyond a reasonable doubt, the court is authorized to enter a judgment of conviction for aggravated motor vehicle theft in the first degree.

¶ 14 Section 18–4–409(3) addresses only the class of felony; it does not declare that the factors in subsection 409(3)(a) constitute a violation of any statute other than section 18–4–409(2). This statutory struc-

ture, in which one subsection defines the crime and subsequent subsections establish the classes of felony, is not unique to section 18–4–409, and courts have interpreted these similarly structured statutes as we do here. *See, e.g.,Lewis v. People*, 261 P.3d 480, 481 (Colo.2011) ("Whether second degree kidnapping is committed as a class two, three, or four felony, the crime of which the defendant stands convicted remains statutorily designated 'Second degree Kidnapping.' "). We reject defendant's argument that the effect of this structure is to create separate crimes.

■ ¶ 15 Contrary to defendant's contention, we also conclude that section 18–1–104(2) is descriptive and not prescriptive. That is, it simply explains that there is a system by which offenses are classified as felonies, misdemeanors, or petty offenses. The statute does not prevent the General Assembly from elevating the classification of an offense when it is committed by a prior offender.[1] Accordingly, we reject defendant's argument regarding the application of section 18–1–104(2).

### 3. *Medina v. People*

¶ 16 We are not persuaded by defendant's argument that *Medina v. People*, 163 P.3d 1136 (Colo.2007), requires a different result. *Medina* concerned a defendant convicted by a jury of class 5 felony accessory and sentenced for a class 4 felony. *Id.* at 1137. Unlike the statute here, under the statute in *Medina*, each of the two classes of felony accessory required proof of a *different* mens rea: the class 5 offense required proof that the defendant *knew* that the person she assisted *was suspected of* committing a serious felony. § 18–8–105(4). In contrast, the class 4 offense required that the defendant *knew* that the person she assisted *had in fact committed* a serious felony. § 18–8–105(3). Each class of felony accessory requires proof that the defendant committed the criminal act with a specific, and different, culpable

mental state. Thus, to prove either class of felony accessory, the prosecution was required to prove a distinct mens rea beyond a reasonable doubt. Here, however, the actus reus and mens rea are the same for the class 3 and class 4 felonies.

¶ 17 Therefore, we reject defendant's contention that class 3 and class 4 first-degree aggravated motor vehicle theft are separate crimes and that proof of prior convictions is an element of the class 3 felony.

### C. Juxtaposition

¶ 18 Defendant notes that aggravated motor vehicle theft in the first degree can be a class 3 felony when:

&#x0095&#x0095 the stolen vehicle has a value of more than $20,000; or

&#x0095 the perpetrator has two prior convictions involving theft of a motor vehicle.

§ 18–4–409(3)(b).

¶ 19 He argues that proof that a vehicle has a value of more than $20,000 is an element of the class 3 felony, and that by including proof of prior convictions in the same subsection, the General Assembly demonstrated its intent that proof of prior convictions is also an element of the class 3 felony.

■ ¶ 20 The worth of the vehicle is not at issue here. Therefore, we need not determine whether proof of a stolen vehicle's value is an element. However, applying, without accepting, defendant's premise that vehicle value is an element and must be determined by a jury, we conclude that the juxtaposition of the prior convictions factor in the same subsection as the vehicle value factor does not reflect a legislative intent to treat prior convictions as an element. Instead, it unambiguously demonstrates the General Assembly's intent to make aggravated motor vehicle theft in the first degree a class 3 felony in

---

1. This is not to say that prior convictions can never be an element. Indeed, the General Assembly can make and has made proof of prior convictions an element of crimes such as possession of a firearm by a prior felon. *See*§ 18–12–108, C.R.S. ("Possession of weapons by previous offenders"); *see also People v. Dist. Court*, 953 P.2d 184,189 (Colo.1998) (confirming that prior conviction is an element of the possession of weapons by a previous offender statute); *People v. Quintana*, 707 P.2d 355, 359 (Colo.1985) (holding that prior conviction is an element of § 18–12–108); *People v. Fullerton*, 186 Colo. 97, 525 P.2d 1166, 1167 (1974)(same).

two circumstances; one based on the nature of the criminal act and the other based on the offender's record, nothing more.

¶ 21 Thus, we conclude that proof of two prior convictions related to motor vehicle theft is not an element of the class 3 felony.

### D. Sentence Enhancers

¶ 22 We reject the People's argument that each of the facts described in section 18–4–409(3) is a sentence enhancer, and, therefore, does not need to be proven to a jury. Under *Apprendi,Blakely*, and *Lopez*, any fact other than the existence of a prior conviction that increases the statutory maximum penalty must be *Blakely*-compliant. Categorizing a fact as a sentence enhancer does not exempt it from due process and Sixth Amendment requirements of jury determination. *See Apprendi*, 530 U.S. at 476, 120 S.Ct. 2348.

¶ 23 Therefore, except for a finding that a defendant has a prior conviction, any finding that increases the maximum penalty for a crime must be *Blakely*-compliant, regardless of whether the fact is an element or a sentence enhancer.

### III. Constitutionality of Prior Conviction Exception

¶ 24 In the alternative, defendant contends that the prior conviction exception is based on *Almendarez–Torres v. U.S.*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which he argues was wrongly decided. He argues that later Supreme Court opinions appear to signal that the prior conviction exception "no longer has *any* 'vitality' " and, as a result, should not be applied here. *See, e.g.,Shepard v. United States*, 544 U.S. 13, 27–28, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J. concurring) (saying that "a majority of the Court now recognizes that *Almendarez–Torres* was wrongly decided. . . . Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez–Torres* . . . . ").

¶ 25 Notwithstanding Justice Thomas's statement, the Supreme Court has not overturned the prior conviction exception set forth in *Apprendi* and *Blakely*, and these cases continue to control the question before us. *See Oregon v. Ice*, 555 U.S. 160, 163, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009) (jury must "determine any fact (*other than the existence of a prior conviction*) that increases the maximum punishment") (emphasis added). We do not have the power to ignore those precedents based on speculation of how the Court might rule in a future case.

¶ 26 We conclude that, unless the General Assembly makes the fact of a prior conviction an essential element of the crime, thereby defining a crime that can be committed only by those who have a prior conviction, due process does not require that an offender's prior conviction be proved to a jury beyond a reasonable doubt.

¶ 27 Judgment affirmed.

JUDGE MILLER and JUDGE FOX concur.