SUMMARY October 21, 2021 2021COA126 No. 18CA2333, People v. Dorsey — Crimes — Failure to Register as a Sex Offender — Prior Convictions As a matter of first impression, a division of the court of appeals considers whether the Colorado General Assembly intended to make prior convictions for failure to register as sex offender under section 18-3-412.5, C.R.S. 2020, an element of the offense for a subsequent violation or a sentence enhancer. Following the analytical framework in Linnebur v. People, 2020 CO 79M, and People v. Caswell, 2021 COA 111, the division holds that because a prior conviction for failure to register as a sex offender in section 18-3-412.5 is a sentence enhancer, the defendant’s judgment of conviction is affirmed. The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion. 
 COLORADO COURT OF APPEALS 2021COA126 Court of Appeals No. 18CA2333 City and County of Denver District Court No. 17CR6132 Honorable A. Bruce Jones, Judge Honorable Shelley I. Gilman, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Charles K. Dorsey, Defendant-Appellant. JUDGMENT AFFIRMED Division VI Opinion by JUDGE JOHNSON Fox and Welling, JJ., concur Announced October 21, 2021 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Meredith E. O’Harris, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
 1 ¶ 1 Recently, in People v. Caswell, 2021 COA 111, ¶ 20, a division of this court held that, notwithstanding the supreme court’s holding in Linnebur v. People, 2020 CO 79M, a prior conviction under the cruelty to animals statute is a sentence enhancer, not an element required to be proven to a jury beyond a reasonable doubt. The sentence enhancer elevates an animal cruelty conviction for a subsequent offense from a misdemeanor to a felony. We are presented with a similar issue in the context of the offense of failure to register as a sex offender. Relying on the analytical framework from Caswell, we determine for the first time that a prior conviction for failure to register as a sex offender in section 18-3-412.5, C.R.S. 2020, is not an element of the offense for a subsequent violation of that offense but instead a sentence enhancer. ¶ 2 As a result, we conclude that the district court properly found that Charles K. Dorsey (Dorsey) had a prior conviction for failure to register as a sex offender and thus correctly sentenced him for his subsequent failure to register conviction as a class 5 felony. We also address and reject Dorsey’s contention that the district court improperly admitted information from a national crime database and, therefore, affirm the judgment of conviction. 
 2 I. Background ¶ 3 In 1997, Dorsey pled guilty to criminal attempt to commit sexual assault in the second degree — a class 5 felony — in Arapahoe County case number 96CR2866. The court sentenced Dorsey to two years in the custody of the Department of Corrections (DOC) and required him to register as a sex offender under section 16-22-103(2), C.R.S. 2020. The sentence also required that he re-register as a sex offender annually within five business days before or after his July 31 birthday. ¶ 4 In 2010, Dorsey was charged with a class 6 felony in Denver County case number 10CR2436 for failing to re-register as a sex offender in violation of section 18-3-412.5. He pled guilty to the offense as a class 1 misdemeanor under section 18-3-412.5(3)(a). ¶ 5 Dorsey next failed to re-register as a sex offender in 2017. Dorsey had re-registered as a sex offender in 2016, and around that time, received notice that his next registration would be due within five business days before or after July 31, 2017. ¶ 6 When the Denver Police Department’s sex offender tracking and registration database flagged Dorsey’s failure to re-register in the jurisdiction where he had registered in 2016, Detective David 
 3 Bourgeois (Detective Bourgeois) conducted further investigation to determine whether Dorsey had re-registered in a different jurisdiction or had been arrested between July 26 and August 5, 2017, and therefore was unable to re-register. Following Detective Bourgeois’s determination that Dorsey did not register in other jurisdictions or was not arrested during the window mentioned, Dorsey was charged with failure to register as a sex offender (second offense), a class 5 felony. ¶ 7 On appeal, Dorsey argues that (1) the evidence before the jury was insufficient to support his conviction for failure to register (second offense) beyond a reasonable doubt because it did not include his prior conviction; and (2) the district court erred by admitting Exhibit 7 — a report from a national crime database — into evidence. II. Prior Conviction for Failure to Register as a Sex Offender ¶ 8 Dorsey argues that the prosecution failed to carry its burden of proving to a jury, beyond a reasonable doubt, the prior conviction element of the class 5 felony for failure to register (second offense). We disagree. 
 4 A. Additional Facts ¶ 9 Dorsey’s counsel initially requested that the issue of whether Dorsey had been previously convicted of failure to register be bifurcated from the determination of whether he had failed to register in 2017. Although the court originally agreed to bifurcate the trial, it sua sponte reconsidered its decision. Instead, the court determined that the prior offense was a sentence enhancer to be tried to the court, relying on People v. Schreiber, 226 P.3d 1221 (Colo. App. 2009), and People v. Vigil, 2013 COA 102. ¶ 10 Following the jury trial, the prosecution introduced two exhibits to prove Dorsey’s prior conviction: (1) a certified impact summary from the DOC for “Charles Kevin Dorsey,” which contained three photographs and three sets of fingerprints, tied to three mittimi; and (2) a document showing a 2010 misdemeanor conviction of “Charles Kevin Dorsey” for failure to register as a sex offender. After reviewing these documents, the court found that Dorsey’s prior conviction had been proven beyond a reasonable doubt. 
 5 B. Standard of Review and Applicable Law ¶ 11 “Whether a statutory provision constitutes a sentence enhancer or a substantive element of an offense presents a question of law that we review de novo.” Linnebur, ¶ 9. “The General Assembly has plenary authority to define criminal conduct and to establish the elements of criminal liability.” Id. The elements of a crime are those aspects “necessary to establish criminal liability.” People v. Hopkins, 2013 COA 74, ¶ 8. ¶ 12 When interpreting a statute, we “interpret its plain language to give full effect to the intent of the General Assembly.” People v. Moore, 2021 CO 26, ¶ 25. In so doing, we look to the plain and ordinary meanings of words and phrases. Id. “If the plain language of the statute demonstrates a clear legislative intent, we look no further in conducting our analysis.” Linnebur, ¶ 9 (quoting Springer v. City & Cnty. of Denver, 13 P.3d 794, 799 (Colo. 2000)). ¶ 13 When a statute is ambiguous regarding whether a fact is an element of the crime or a sentence enhancer, we look to the “(1) language and structure, (2) tradition, (3) risk of unfairness, (4) severity of the sentence, and (5) legislative history” to make that 
 6 determination. Id. at ¶ 10 (quoting United States v. O’Brien, 560 U.S. 218, 225 (2010)). C. Analysis ¶ 14 Section 18-3-412.5(2)(a) indicates that a second or subsequent offense for failure to register is a class 5 felony. The relevant statutory provisions state in full: (1) A person who is required to register pursuant to article 22 of title 16 and who fails to comply with any of the requirements placed on registrants by said article 22, including but not limited to committing any of the acts specified in this subsection (1), commits the offense of failure to register as a sex offender[.] . . . . (2)(a) Failure to register as a sex offender is a class 6 felony if the person was convicted of felony unlawful sexual behavior, or of another offense, the underlying factual basis of which includes felony unlawful sexual behavior, or if the person received a disposition or was adjudicated for an offense that would constitute felony unlawful sexual behavior if committed by an adult, or for another offense, the underlying factual basis of which involves felony unlawful sexual behavior; except that any second or subsequent offense of failure to register as a sex offender by such person is a class 5 felony. § 18-3-412.5 (emphasis added). 
 7 ¶ 15 Dorsey argues that the fact of his prior conviction for failure to register is part of the sex offender statute’s definition of the offense. Although the statute does not explicitly state whether prior convictions are an element of the offense or a sentence enhancer, we conclude that the General Assembly intended to make prior convictions for this particular offense a sentence enhancer. ¶ 16 True, “the General Assembly can make and has made proof of prior convictions an element of crimes.” Hopkins, ¶ 15 n.1; see also People v. Dist. Ct., 953 P.2d 184, 189 (Colo. 1998) (prior conviction is an element of the possession of weapons by a previous offender statute, § 18-12-108, C.R.S. 2020). Indeed, recently, in Linnebur, our supreme court held that the three prior convictions for driving under the influence (DUI) are an element of felony DUI that must be charged in the indictment or information and presented to a jury. Hopkins, ¶¶ 18-31. ¶ 17 But Caswell, ¶¶ 17-20, analyzed whether prior convictions are an element of the offense or a penalty enhancer involving the cruelty to animals statute, § 18-9-202, C.R.S. 2020. There, the division concluded that the language and structure of the cruelty to animals statute differs from the felony DUI statute, § 42-4-
 8 1301(1)(a), C.R.S. 2020. Caswell, ¶ 17. Specifically, it reasoned that “unlike the prior conviction penalty enhancer provisions of the DUI statutory scheme, which omit the prior convictions required for felony DUI, the prior conviction provision in the animal cruelty statute is included in the subsection outlining penalty and sentencing provisions.” Id. In that case the division also determined that unlike the DUI statutory scheme, where the General Assembly requires the prior convictions to be set forth in the charging document, the cruelty to animals statute contains no such requirement. Id.; see also § 42-4-1301(1)(j). ¶ 18 Our analysis leads us to reach a similar conclusion involving the failure to register statute for three reasons. ¶ 19 First, similar to the statute at issue in Caswell, the structure of the statutory scheme indicates that a prior conviction is a sentence enhancer. Unlike the felony DUI statute or possession of a weapon by a previous offender offense, as examples, the prior conviction provision of the failure to register as a sex offender statute is included in the subsection for penalties. Compare § 18-3-
412.5(1)-(2), with § 42-4-1301(1)(a), and § 18-12-108(1). While subsection (1) of the failure to register as a sex offender statute 
 9 outlines the elements of the offense, subsection (2) is the sentencing provision. And similar to the statute at issue in Caswell, ¶ 17, there is no requirement that the prosecutor include in the charging document for a subsequent offense the fact of the prior conviction for failure to register. While the prosecutor in this case included the prior conviction in the complaint, there was no statutory requirement to do so. Thus, the language and structure of the statute strongly suggest that the General Assembly intended to differentiate between prior convictions and elements of the offense. ¶ 20 Second, treating a prior conviction as a sentence enhancer in the failure to register context is consistent with how other divisions have historically interpreted the statutory scheme. Linnebur, ¶ 10; Caswell, ¶ 18. Other divisions of this court have concluded that each of the subsections in section 18-3-412.5(1) establishes the crime of failure to register as a sex offender. People v. Halbert, 2013 COA 95, ¶¶ 18-19 (noting that each of the subsections of section 18-3-412.5(1) “establishes a crime”); see also People v. Poage, 272 P.3d 1113, 1116 (Colo. App. 2011) (the subsections in section 18-3-
412.5(1) create and define separate crimes related to sex offenders). In other words, a person can be convicted of failing to register as a 
 10 second offense without proof of the prior conviction — thus all elements of the offense are substantively contained in subsection 412.5(1) — and the prior conviction simply elevates the punishment in subsection 412.5(2)(a). See People v. Becker, 2014 COA 36, ¶ 13 (“knowing or reckless child abuse not resulting in injury” or “criminally negligent child abuse not resulting in injury” are substantive crimes, as proof of the prior conviction only serves to enhance the sentence). ¶ 21 Dorsey, however, contends that the elements of the offense of failure to register are in different statutes and different titles of the Colorado Revised Statutes, and thus the structure of the statute is not controlling or even instructive. True, the division in Halbert concluded that section 18-3-412.5(1)(a) is not a “catchall” provision for all the types of offenses contained in article 22 of title 16. Halbert, ¶¶ 14-17. But we are unpersuaded that the mere presence of elements for a variation of the offense for failure to register existing in a different title — namely section 16-22-108(1), C.R.S. 2020 — compels us to conclude that the fact of a prior conviction is also an element. Unlike section 18-3-412.5, section 16-22-108(1) contains no sentencing or penalty provisions. Compare § 18-3-
 11 412.5(2)(a), with § 16-22-108(1). Thus, the structure of the statutory scheme is one in which the substantive offenses appear separately defined from the sentencing or penalty provisions. ¶ 22 Third, the out-of-state authority Dorsey cites is inapposite. He relies on State v. Warbelton, 2009 WI 6, ¶¶ 27-34, a case interpreting the Wisconsin stalking statute, to argue that certain states have held that a prior conviction is an element of the offense instead of a sentence enhancer. The statutory scheme at issue in Warbelton, however, required proof of more than just the fact of a prior conviction in order to qualify as an aggravating prior. Id. Specifically, that statute required proof of a prior conviction for any offense against the same victim within the past seven years, the use of an electronic record in order to facilitate the stalking violation, the interception and disclosure of another person’s communication in order to facilitate the stalking violation, and a victim who is under the age of 18. Id. at ¶ 33; see also Wis. Stat. § 940.32(2m)(b)-(e) (West 2021). ¶ 23 Here, on the other hand, the failure to register statute (second or subsequent offense) has no other fact to be proven except for the prior conviction itself. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (“Other than the fact of a prior conviction, any fact that 
 12 increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”). Dorsey’s reliance on State v. Reynolds, 51 P.3d 684, 687 (Or. Ct. App. 2002), is similarly misguided. That court held that “[a]ssault in the fourth degree may be a misdemeanor or a felony depending on whether there is proof of an additional fact, . . . that a defendant previously has been convicted of assaulting the same victim.” Id. (emphasis added). ¶ 24 His reliance on People v. Hicks, 518 N.E.2d 148, 149 (Ill. 1987), is closer to the mark but also unpersuasive. There, a prior conviction of theft in Illinois elevated a subsequent such offense from a misdemeanor to a felony. Id.; see also 38 Ill. Comp. Stat. 16-1(e)(1) (1983). Hicks held that when the state seeks to increase an offender’s punishment from a misdemeanor to a felony, “proof of the prior conviction must be presented to the jury.” Hicks, 518 N.E.2d at 149. Our supreme court in Linnebur, ¶ 31, was also concerned about the collateral consequences for a fourth DUI offense converting from a misdemeanor to a felony. But Hicks lacks any discussion about the structure or tradition for analyzing a statutory scheme found in Linnebur and Caswell. And, the 
 13 misdemeanor/felony distinction is not at issue here, as a failure to register as a sex offender or a second such offense are both felonies but simply different classes. Cf. People v. Viburg, 2020 COA 8M, ¶ 25 (analyzing the differences in collateral consequences for a misdemeanor and felony and holding that a conviction of a felony “alter[s] the ‘very nature of [the] crime’ itself” (quoting United States v. Rodriguez-Gonzales, 358 F.3d 1156, 1160-61 (9th Cir. 2004))). ¶ 25 Dorsey finally argues that even if the General Assembly designates the fact of the prior conviction as a sentence enhancer, courts must apply a functional test under the Sixth Amendment to determine whether the fact increases the punishment for the crime. See United States v. Haymond, 588 U.S. ____, ____, 139 S. Ct. 2369, 2377 (2019). But because we conclude that the General Assembly intended to make prior convictions penalty enhancers rather than elements of the offense, we need not reach Dorsey’s Sixth Amendment claim. Linnebur, ¶ 31 (declining to reach the Sixth Amendment argument on grounds that “subject to constitutional limitations, whether the fact of prior convictions constitutes an element of the offense or a sentence enhancer depends on legislative intent”). 
 14 III. Admission of Exhibit 7 ¶ 26 Dorsey contends that the district court erred by admitting the prosecution’s Exhibit 7 because it (1) contained hearsay; (2) was irrelevant; (3) required expert testimony; and (4) contained information that was significantly more unfairly prejudicial than probative. We disagree. A. Additional Facts ¶ 27 During the trial, the prosecutor introduced Exhibit 7, a report from the National Crime Information Center (NCIC) database. The database is affiliated with the Colorado Crime Information Center through the Colorado Bureau of Investigation and is used by Colorado law enforcement. Detective Bourgeois relied on the database to determine whether Dorsey re-registered in a different jurisdiction. Detective Bourgeois testified about the process he used to investigate whether Dorsey had failed to re-register as a sex offender and confirmed that the absence of a corresponding entry in that database meant that Dorsey failed to re-register elsewhere. ¶ 28 Dorsey’s counsel objected to the exhibit as hearsay, and the court overruled the objection, admitting it into evidence. 
 15 B. Standard of Review ¶ 29 District courts have considerable discretion in admitting evidence. People v. McFee, 2016 COA 97, ¶ 17. We will not disturb a district court’s evidentiary ruling absent an abuse of discretion. Id. “A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or is based on an erroneous understanding or application of the law.” Id. (citations omitted). ¶ 30 Dorsey objected to the admission of Exhibit 7 on hearsay grounds but failed to object to it on any of the other grounds advanced on appeal — CRE 401, 403, 404(b), 701, or 702; accordingly, only the hearsay issue is preserved. We review preserved errors for harmless error and unpreserved errors for plain error. Hagos v. People, 2012 CO 63, ¶¶ 12, 14. Reversal under the harmless error standard is required only if the error “substantially influenced the verdict or affected the fairness of the trial proceedings.” Id. at ¶ 12 (quoting Tevlin v. People, 715 P.2d 338, 342 (Colo. 1986)). Reversal under plain error is required only if the error was obvious and substantial, and “so undermined the fundamental fairness of the trial itself so as to cast serious doubt 
 16 on the reliability of the judgment of conviction.” Id. at ¶ 14 (quoting People v. Miller, 113 P.3d 743, 750 (Colo. 2005)). C. Analysis 1. Hearsay ¶ 31 Hearsay is an out-of-court statement made by someone other than the declarant that is offered to prove the truth of the matter asserted. CRE 801(c). Hearsay is presumptively inadmissible unless it falls within a statutory or enumerated exception. People v. Tran, 2020 COA 99, ¶¶ 18-19; CRE 802. One such exception is the business records exception, CRE 803(6), which permits a court to admit into evidence records of regularly conducted activity if accompanied by an adequate foundation showing (1) the document was made at or near the time of the matters recorded in it; (2) the document was prepared by, or from information transmitted by, a person with knowledge of the matters recorded; (3) the person who recorded the document did so as part of a regularly conducted business activity; (4) it was the regular practice of that business activity to make such documents; and (5) the document was retained and kept in the course of a regularly conducted business activity. People v. Flores-Lozano, 2016 COA 149, ¶ 13. 
 17 ¶ 32 In this case, the prosecutor asked Detective Bourgeois if another detective had checked whether Dorsey had re-registered as of August 8, 2017. Dorsey’s counsel objected on hearsay grounds and the court sustained the objection. The prosecutor then rephrased the question to ask if Detective Bourgeois himself had confirmed whether Dorsey had re-registered as of August 8, 2017, to which the detective responded that Dorsey “had not.” Before moving for admission of Exhibit 7, the prosecutor questioned Detective Bourgeois further on the process he had used to confirm this information based on the absence of a person’s name from the database. Dorsey’s counsel renewed her objection on hearsay grounds. The court denied the objection and admitted the evidence. ¶ 33 True, the statements reflected in Exhibit 7 were made by persons other than Detective Bourgeois, as the data was ostensibly entered in the database by someone other than the detective. But assuming without deciding that the NCIC report does not satisfy the requirements for admission as a business record under that hearsay exception, its admission was cumulative because of other hearsay testimony to which Dorsey’s counsel failed to object. 
 18 ¶ 34 For example, Detective Bourgeois testified that the document was produced on August 8, 2017, around the time that Dorsey failed to re-register. And the detective also testified that the document indicated Dorsey had not registered as a sex offender on August 8, 2017. In both instances, Dorsey’s counsel failed to object to Detective Bourgeois’s testimony about Exhibit 7; she only objected to the eventual admission of the exhibit itself. ¶ 35 Therefore, even assuming that the district court erred by admitting the exhibit over defense counsel’s hearsay objection, any error was harmless. That is, any error did not substantially influence the verdict or affect the fairness of the trial proceedings. Hagos, ¶ 12. To be sure, Exhibit 7 corroborated Detective Bourgeois’s investigation into Dorsey’s failure to re-register as a sex offender. But other testimony from the detective, as discussed above, as well as another witness, confirmed that Dorsey failed to re-register as a sex offender in July or August 2017 after receiving notice of this requirement in August 2016. Additionally, Dorsey stipulated to the fact that he was required to register as a sex offender. See, e.g., Pernell v. People, 2018 CO 13, ¶¶ 24-26 (any error in the admission of the testimony was harmless in light of “the 
 19 strength of the properly admitted evidence supporting the guilty verdict”). 2. Other Contentions ¶ 36 Dorsey also raises unpreserved contentions that the admission of Exhibit 7 was improper because it was (1) not relevant, (2) unendorsed expert testimony, and (3) unduly prejudicial as it was CRE 404(b) evidence. Because we already concluded that the admission of Exhibit 7 was harmless, these alternative contentions necessarily do not rise to the level of plain error. IV. Conclusion ¶ 37 The district court’s judgment is affirmed. JUDGE FOX and JUDGE WELLING concur.