1998 OK CR 46

**David Alfred BAKER, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–97–567.**

Court of Criminal Appeals of Oklahoma.

· Aug. 14, 1998.

Rehearing Granted Sept. 22, 1998.

Don Deason, Lisa Johnson, Assistant District Attorneys, Oklahoma City, for the State at trial.

Janet Cox, Kevin McCray, Assistant Public Defenders, Oklahoma City, for the Defendant at trial.

Carolyn L. Merrit, Assist. Public Defender, Oklahoma City, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Okla., Barbara C. Stoner, Asst. Attorney General, Oklahoma City, for Appellee on appeal.

### SUMMARY OPINION

LANE, Judge.

¶ 1 David Alfred Baker, Jr. was tried by jury, convicted, and sentenced to thirty years imprisonment for each of three counts of Second Degree Felony (DUI) Murder (21 O.S.1991, § 701.8(2)) in Oklahoma County District Court Case No. CF 96–4336. The Honorable William Burkett, District Judge, sentenced in accordance with the jury recommendation and ordered the sentences to be served consecutively. Appellant raises the following issues in this perfected appeal:

1. The offense of second degree felony murder does not arise from death caused by an automobile accident;

2. Reversible error occurred in the first-stage instructions when, after the parties had stipulated to the predicate crime element of felony DUI, the court instructed the jury that Appellant had formerly been convicted of driving under the influence of alcohol;

3. Appellant was denied the benefit of instructions on lesser offenses supported by the evidence;

4. An excessive sentence resulted from the trial court's improper response to a question from Appellant's jury during its sentencing deliberations, and from the trial court's refusal to order Appellant's sentences to be served concurrently.

¶ 2 We address each of these in turn, having thoroughly reviewed the entire

record on appeal including briefs of the parties, the original record, and the transcripts. The first argument overlooks the plain language of 21 O.S.1991, § 701.8(2) which provides homicide is second degree murder "[w]hen perpetrated by a person engaged in the commission of any felony [other than those supporting first degree felony murder]." A second DUI is a felony. 47 O.S. Supp.1995, § 11–902(C). Baker stipulated to the first DUI and uncontroverted evidence proved he was intoxicated at the time of the fatal accident from which this case arose.

¶ 3  As part of the introductory instructions, the trial court told the jury the elements of the crime charged. Trial counsel objected on the record after having acquiesced to the procedure *in camera*. In Proposition I Appellant argues this non-standard procedure warrants reversal. While it is true the standard criminal jury instructions do not provide for this instruction, this Court approved the practice in *Cohee v. State*, 1997 OK CR 30, 942 P.2d 211, 214 (Guideline 4(A)). This practice cannot be said to be unauthorized.[1]

■  ¶ 4  In Proposition II Appellant relies on *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 650–52, 136 L.Ed.2d 574 (1997) to argue his stipulation to a former DUI conviction barred the prosecutor from introducing this evidence at trial. We find *Old Chief* is not dispositive. Old Chief was charged with the crime, felon in possession of a firearm. For the purposes of this crime, proof of *any* prior felony was sufficient. In order to prevent the nature of his prior conviction from being revealed to the jury, Old Chief stipulated that he had been convicted of *a* felony without naming the crime. Once Old Chief stipulated to the prior felony, its nature, while relevant, did not survive the weighing process of probative value against the substantial danger of unfair prejudice. *Id.*

¶ 5  *Old Chief* does not apply to the trial of felony DUI in Oklahoma because a former conviction for DUI is an element of felony

DUI which must be proven beyond a reasonable doubt. No other prior conviction will satisfy this element. It is well established in this jurisdiction "[t]he right of the state, or of the accused, to present material evidence in support of an issue, cannot be taken away or the force of the evidence weakened by an admission or stipulation of the facts sought to be proven." *McFay v. State*, 1973 OK CR 116, ¶ 16, 508 P.2d 273, 276(quoting *Shepherd v. State*, 51 Okl.Cr. 209, 215, 300 P. 421, 424 (1931)).

¶ 6  In answer to Proposition III the trial court correctly denied the defense request for instructions on misdemeanor manslaughter and negligent homicide, for no evidence supported them. *Smallwood v. State*, 1995 OK CR 60, ¶¶ 47–50, 907 P.2d 217, 230–31.

■  ¶ 7  Proposition IV alleges the trial court erred by failing to bring the jury into the courtroom to respond to its question as to whether the sentence would be served consecutively or concurrently. *Givens v. State*, 1985 OK CR 104, ¶¶ 19–22, 705 P.2d 1139, 1142. Legally correct instruction of the jury cures the error of the trial court's *ex parte* written response to the jury's question. *Id.* The trial court correctly instructed the jury in this case.

■  ¶ 8  Modification is an appropriate remedy when a sentence 1) is outside statutory limits; 2) is driven by trial error; or 3) shocks the conscience of the Court. *Maxwell v. State*, 1989 OK CR 22, ¶ 12, 775 P.2d 818, 821. Where none of these conditions are present, as here, we find that Proposition V does not require relief.

## DECISION

¶ 9  Judgment and Sentence is **AFFIRMED**.

CHAPEL, P.J., STRUBHAR, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.

---

1. The trial court must exercise its discretion carefully in order to avoid the confusion which would result from a failure of proof of the charged crime and the resulting instruction on different, lesser-included crimes. For example,

rape could be charged, but lewd molestation instructed upon an absence of evidence of penetration; first degree burglary could be charged, but second degree burglary instructed upon an absence of evidence of human occupation.