Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 9, 2020

**2020 CO 79**

**No. 18SC884, *Linnebur v. People*—Statutory Interpretation—Crimes—DUI — Prior Convictions**

The supreme court holds that prior DUI convictions are substantive elements of a felony DUI offense that must be proved to a jury beyond a reasonable doubt, rather than sentence enhancers to be proved to a judge by a preponderance of the evidence. Finding the language of section 42-4-1301(1)(a), C.R.S. (2020), to be ambiguous, the court examines the General Assembly's intent by looking at the entirety of the statutory scheme, traditional treatment of the fact of prior convictions, and the risk of unfairness. Based on those factors, the supreme court concludes that the General Assembly intended the fact of prior convictions to be a substantive element of the felony offense. Accordingly, the supreme court reverses the judgment of the court of appeals and remands the case for resentencing.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

### 2020 CO 79

---

### Supreme Court Case No. 18SC884
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA2133

---

### Petitioner:

Charles James Linnebur,

v.

### Respondent:

The People of the State of Colorado.

---

### Judgment Reversed
*en banc*
November 9, 2020

---

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Meredith K. Rose, Deputy Public Defender
    *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Kevin E. McReynolds, Assistant Attorney General
    *Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.
**JUSTICE MÁRQUEZ** dissents, and **JUSTICE SAMOUR** joins in the dissent.
**JUSTICE BOATRIGHT** does not participate.

¶1 Last year, in the course of deciding whether an in-custody felony DUI defendant is entitled to a preliminary hearing, we noted in dicta that it was unclear "whether a repeat DUI offender's prior convictions are elements of a felony DUI that must be proved at trial" because section 42-4-1301, C.R.S. (2020), and its related penalty provisions "alternately accord the prior convictions qualities of both elements of an offense and sentence enhancers." *People v. Tafoya*, 2019 CO 13, ¶ 28 n.2, 434 P.3d 1193, 1197 n.2. Because that case did not require us to answer the question whether a defendant's prior DUI convictions constitute an element of felony DUI or merely a sentence enhancer, we left it for another day.

¶2 That day has now arrived. Confronted squarely with the question left open in *Tafoya*, we conclude that the statutory provisions that define and provide penalties for felony DUI treat the fact of prior convictions as an element of the crime, which must be proved to the jury beyond a reasonable doubt, not as a sentence enhancer, which a judge may find by a preponderance of the evidence. Because the court of appeals erred in arriving at the opposite conclusion, we reverse and remand for sentencing on the misdemeanor DUI charges that were properly proved to the jury in this case.

## I. Facts and Procedural History

¶3 In March 2016, law enforcement contacted Charles James Linnebur after receiving a call that he had crashed his vehicle into a fence and might be driving

under the influence of alcohol. Although he initially denied that he had been drinking, Linnebur eventually admitted that he had consumed whiskey that day. He was arrested, and a blood test revealed that his blood alcohol level was 0.343 — well above the legal limit.

¶4 The People charged Linnebur with DUI and DUI per se and sought felony convictions under sections 42-4-1301(1)(a) and (2)(a), which provide that DUI and DUI per se are felonies if they "occurred after three or more prior convictions" for, among other things, DUI, DUI per se, or DWAI. Prior to trial, Linnebur filed a motion in limine arguing that the fact of his prior convictions was a substantive element of felony DUI that had to be found by a jury beyond a reasonable doubt. The trial court denied the motion, concluding instead that Linnebur's prior convictions were "merely sentence enhancers or aggravating factors" and could be proved to the court by a preponderance of the evidence.

¶5 At trial, the jury found Linnebur guilty of DWAI (a lesser included offense of DUI) and DUI per se.[1] After the trial court dismissed the jury, it held a hearing to determine whether Linnebur in fact had at least three prior convictions that would substantiate these new felony convictions. In order to support their claim

---

[1] The DWAI statute includes identical language to that included in the DUI statute escalating it to a felony offense after three prior convictions.

that Linnebur had the requisite prior convictions, the People submitted certified copies of Linnebur's three prior impaired driving convictions as well as his state driving record. Rather than applying a preponderance of the evidence standard (as it had earlier indicated it would), the trial court instead concluded that these exhibits proved beyond a reasonable doubt that Linnebur had three prior convictions. It thus entered judgment for felony DWAI, merged the DUI per se conviction, and sentenced Linnebur to four years in community corrections.

¶6 A division of the court of appeals affirmed. *See People v. Linnebur*, No. 16CA2133 (Nov. 8, 2018). In so doing, the division cited to our decision in *People v. Leske*, 957 P.2d 1030, 1039 (Colo. 1998), for the proposition that a statutory provision is a sentence enhancer, rather than an element, if its proof is not required to secure a conviction for the charged offense. The court of appeals concluded that because a defendant may be found guilty of the underlying offense of DUI independent of any proof of prior convictions, the fact of such prior convictions is not an element of felony DUI. The prior convictions, the court concluded, could properly be determined by the court rather than the jury. *Linnebur*, ¶¶ 8, 12. The division reasoned further that because the felony DUI statute does not specify the applicable burden of proof, the fact of prior convictions need only be proved by a preponderance of the evidence. *Id.* at ¶ 13. Finally, the division concluded that

4

the exhibits presented in Linnebur's case were sufficient evidence to prove his prior convictions. *Id.* at ¶ 19.

¶7 Linnebur then filed a petition for certiorari review, which we granted.[2]

## II. Analysis

¶8 After setting forth the applicable standard of review and relevant principles of statutory interpretation, we consider whether the felony DUI statute expresses a clear legislative intent for the treatment of prior convictions as either elements of the felony offense or sentence enhancers. Finding the statute to be ambiguous, we next endeavor to determine the legislature's intent by looking at the language and structure of the statutory scheme, traditional treatment of the fact of prior

---

[2] We granted certiorari to review the following issues:

1. Whether the court of appeals erred in concluding that the portion of section 42-4-1301, C.R.S. (2018), that elevates a misdemeanor to a class four felony for driving under the influence ("DUI"), driving while ability impaired ("DWAI"), or DUI per se after three or more prior convictions for certain enumerated offenses establishes a sentence enhancer and not an element of the offense for purposes of determining whether jury findings are required.

2. Whether the court of appeals erred in concluding that, because sections 42-4-1301(1)(a), (1)(b), (2)(a), C.R.S. (2018), do not provide the applicable burden of proof, the prosecution must prove prior convictions in a felony DUI, DWAI, or DUI per se case under a preponderance of the evidence standard.

3. Whether, if a jury determination was required, the evidence in Linnebur's case was sufficient to prove DWAI fourth or subsequent offense and DUI per se fourth or subsequent offense under sections 42-4-1301(1)(b) and (2)(a).

convictions, and the risk of unfairness attendant to either approach. Based on these factors, we conclude that the General Assembly intended the fact of prior convictions to be treated as a substantive element of the offense to be proved to the jury beyond a reasonable doubt, rather than a sentence enhancer to be proved to a judge by a preponderance of the evidence.

### A. Standard of Review and Principles of Statutory Interpretation

¶9 Whether a statutory provision constitutes a sentence enhancer or a substantive element of an offense presents a question of law that we review de novo. *People v. Schreiber*, 226 P.3d 1221, 1223 (Colo. App. 2009). The General Assembly has plenary authority to define criminal conduct and to establish the elements of criminal liability. *People v. M.B.*, 90 P.3d 880, 882 (Colo. 2004). With this in mind, our primary purpose in construing the felony DUI statute "is to ascertain and give effect to the legislature's intent." *People v. Cali*, 2020 CO 20, ¶ 15, 459 P.3d 516, 519. To accomplish this task, "we look first to the language of the statute, giving its words and phrases their plain and ordinary meanings." *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389. "If the plain language of the statute demonstrates a clear legislative intent, we look no further in conducting our analysis." *Springer v. City & Cnty. of Denver*, 13 P.3d 794, 799 (Colo. 2000). If, however, the language is ambiguous—that is, if it is reasonably susceptible of

multiple interpretations—then we may consider other aids to statutory construction. *McCoy*, ¶ 38, 442 P.3d at 389.

¶10 When a statute "is not explicit" as to whether a particular fact is an element of a crime or a sentencing factor, we agree with the U.S. Supreme Court that we must look to "the provisions and the framework of the statute" to make that determination. *United States v. O'Brien*, 560 U.S. 218, 225 (2010). In particular, "(1) language and structure, (2) tradition, (3) risk of unfairness, (4) severity of the sentence, and (5) legislative history" are helpful guides for determining legislative intent. *Id.*

## B. The DUI Statute is Ambiguous

¶11 In 2015, the General Assembly amended several statutory provisions through the passage of House Bill 15-1043. *See* Ch. 262, sec. 1, § 42-4-1301, 2015 Colo. Sess. Laws 990. As directly relevant here, section 42-4-1301(1)(a), which defines the crime of "driving under the influence," now provides in pertinent part:

> A person who drives a motor vehicle or vehicle under the influence of alcohol . . . commits driving under the influence. Driving under the influence is a misdemeanor, but it is a class four felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide . . . ; vehicular assault . . . ; or any combination thereof.

¶12 This provision does not expressly indicate whether the fact of prior convictions constitutes a sentence enhancer or a substantive element of the offense.

7

Despite the absence of any express language on this point, both the People and Linnebur assert that the statute plainly supports their preferred reading.

¶13     The People maintain that the plain language of section 42-4-1301 treats prior DUI convictions as sentence enhancers because it defines what it means to "drive under the influence" in one sentence and sets out the felony penalty in a separate sentence.  Further, like the division below, they rely on our decision in *Leske*, in which we explained that a sentence enhancer was not an element of an offense for purposes of double jeopardy and merger if "its proof, while raising the felony level of an offense, is not necessarily required to secure a conviction."  957 P.2d at 1039. Here, they argue, a defendant can be convicted of DUI without proof of the prior convictions, so the fact of the prior convictions must not be an element of the offense.

¶14     Linnebur, on the other hand, argues that the plain language of section 42-4-1301 demonstrates a legislative intent to treat prior DUI convictions as an element of felony DUI.  He points out that the statutory language escalating the penalty appears in the same statutory subsection as the other elements of the substantive offense rather than in section 42-4-1307, C.R.S. (2020), the statute that sets out detailed penalties for traffic offenses involving alcohol.  Further, he notes that the 2015 amendments creating the crime of felony DUI added to the statute a requirement that the prior convictions must be charged in the indictment or

8

information. *See* § 42-4-1301(1)(j). An indictment must "state the crime charged and essential facts which constitute the offense," Crim. P. 7(a)(2), and an information is sufficient only if "the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction," Crim. P. 7(b)(2)(IV). *See also Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) ("An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." (citation omitted)). Linnebur argues that the addition of the charging requirement thus further demonstrates the legislature's understanding that it was creating a separate offense of felony DUI, not simply increasing penalties for repeat offenders. And finally, he argues that the People's reliance on *Leske* is misplaced because that case considered the difference between an element and a sentence enhancer in the context of double jeopardy and merger analysis, which is distinct from the Sixth Amendment right to a jury trial.

¶15 As an initial matter, we agree that both the division and the People rely too heavily on the language in *Leske* to support their conclusions that the language of section 42-4-1301 is clear. We have previously indicated that what makes a fact a sentence enhancer rather than an element of an offense is not necessarily the same for double jeopardy and merger analysis as for the jury-trial right. *Lewis v. People*, 261 P.3d 480, 485 (Colo. 2011) ("It is far from clear that the functional equivalence

9

of elements and sentencing factors for purposes of a criminal defendant's right to a jury trial should apply equally to the constitutional presumption against multiple simultaneous punishments for the same offense.").

¶16 Ultimately, Linnebur and the People each advance a plausible interpretation of section 42-4-1301. As we noted in *Tafoya*, the statute includes signs that point in both directions on this question. *Tafoya*, ¶ 28 n.2, 434 P.3d at 1197 n.2. And because that is the very definition of an ambiguous statutory provision, *see McCoy*, ¶ 38, 442 P.3d at 389, we must turn to other interpretive aids.

## C. Other Factors Demonstrate the Legislature's Intent for Prior Convictions to Be an Element of Felony DUI

¶17 Because the felony DUI statute is not explicit as to whether the fact of prior convictions constitutes a sentence enhancer or a substantive element of the offense, we must look for other evidence of the General Assembly's intent. Here, we will focus particularly on the language and structure of the relevant statutory provisions, whether the fact at issue is traditionally an element or a sentence enhancer, and the risk of unfairness in either approach. *See O'Brien*, 560 U.S. at 225.[3]

---

[3] The Supreme Court in *O'Brien* also suggested that the severity of the sentence and legislative history could be relevant to the analysis of whether the fact of prior convictions was intended to be an element or a sentence enhancer. *See O'Brien*,

10

## 1. Statutory Language and Structure

¶18    In examining the relevant statutory language and structure, we look to both section 42-4-1301, which defines the offenses of DUI, DUI per se, and DWAI, and section 42-4-1307, which sets out detailed penalties for those offenses.

¶19    In 2015, the legislature added the offense of felony DUI to section 42-4-1301. *See* 2015 Colo. Sess. Laws at 990. As discussed previously, this amendment provided that a DUI following three or more prior convictions is a class four felony. § 42-4-1301(1)(a). It also added the requirement that the People "shall set forth such prior convictions in the indictment or information." § 42-4-1301(1)(j). And the amendment directed the addition of a subsection (1)(k) that provided "[i]f a defendant is convicted of a class 4 felony pursuant to this section, the court shall sentence the person in accordance with the provisions of section 18-1.3-401, C.R.S." 2015 Colo. Sess. Laws. at 991.

¶20    Two years later, the legislature made additional statutory changes to the statutory scheme that governs felony DUI. *See* Ch. 387, sec. 1, § 42-4-1307, 2017 Colo. Sess. Laws 2003. Among other things, these amendments repealed the

---

560 U.S. at 225. We consider the relative severity of the sentence as part of our evaluation of the risk of unfairness. The legislative history of section 42-4-1301 does not offer any especially helpful clues to assist in answering the question we are faced with here.

sentencing provision that had been added to section 42-4-1301(1)(k) and instead created a new subsection (6.5) in section 42-4-1307. That subsection, titled "Felony offenses," specifies that "[a] person who commits a felony DUI, DUI per se, or DWAI offense shall be sentenced in accordance with the provisions of section 18-1.3-401 and this subsection (6.5)." § 42-4-1307(6.5)(a); *see also People v. Huckabay*, 2020 CO 42, ¶ 16, 463 P.3d 283, 286.

¶21 Although it made a number of other changes to section 42-4-1307, the General Assembly did not amend section 42-4-1307(9) to include the new subsection (6.5) within its ambit. Section 42-4-1307(9) addresses the definition and treatment of prior convictions "[f]or purposes of subsections (5) and (6) of this section." Subsections (5) and (6) set out the penalties for second and subsequent misdemeanor DUI offenses. For these misdemeanor offenses, subsection (9) provides that the fact of prior convictions constitutes a sentence enhancer that the People "shall not be required to plead or prove . . . at trial." § 42-4-1307(9)(b)(II).

¶22 Several aspects of the statutory language point to the conclusion that the legislature intended to treat felony DUI as a distinct offense that includes the prior convictions as elements. Perhaps most telling is that the 2015 amendments provided that when a defendant is "convicted of a class 4 felony," the court must conduct the sentencing in accordance with the felony sentencing provisions contained in section 18-1.3-401. This language is a strong indication that the

12

legislature viewed the fact of prior convictions as an element of felony DUI, given that a defendant could not be "convicted of a class 4 felony" without that fact. This conclusion is further supported by the requirement that the prior convictions must be charged in the indictment or information. And, finally, the legislature's failure to amend 42-4-1307(9) suggests that the General Assembly intended prior convictions to be treated differently when the defendant is charged with a felony than when he is charged with a misdemeanor.

¶23 Aspects of the structure of the relevant statutory provisions further support this conclusion. In particular, prior conviction requirements that enhance the penalties for second and third DUI offenses are included in the separate statute outlining the various penalties for traffic offenses involving intoxication. *See* § 42-4-1307(5), (6). But the legislature did not include the prior convictions required for felony DUI in that penalty-focused provision. Instead, the prior convictions required for conviction of the class four felony DUI are included in the statute defining the substance and setting forth the elements of offenses themselves. *See* § 42-4-1301(1)(a).

¶24 Moreover, the numerous additional protections the legislature has provided for defendants charged with felony DUI further support this conclusion. A defendant charged with felony DUI is entitled to a preliminary hearing under section 16-5-301(1)(a), C.R.S. (2020). *See Huckabay*, ¶ 2, 463 P.3d at 284; *Tafoya*, ¶ 16,

434 P.3d at 1196. He is entitled to be tried by a twelve-person jury and to receive a unanimous verdict. § 18-1-406(1), C.R.S. (2020). Considering the entirety of the applicable statutory scheme, as we must, it seems apparent that the legislature intended to include the fact of prior convictions as an element of the offense of felony DUI.

## 2. Tradition

¶25    We could perhaps stop the analysis at this point, but we will consider a number of the other *O'Brien* factors to examine whether they disturb our conclusion. In particular, the People observe that the fact of prior convictions is traditionally considered to be a sentence enhancer, not a substantive element of the offense. *See Almendarez-Torres*, 523 U.S. at 230, 244 ("The lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of the recidivism, is independently unlawful). . . . [T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.'" (quoting *Graham v. West Virginia*, 224 U.S. 616, 629 (1912))).

¶26    In a vacuum, tradition would certainly weigh in favor of considering the fact of prior convictions to be a sentence enhancer. In our view, however, the

14

evidence provided by the language and structure of the felony DUI statute is weightier than this tradition. And it is quite clear that, while a legislature *could* make the fact of prior convictions a sentence enhancer, it is equally free to make that fact an element of the offense. *O'Brien*, 560 U.S. at 225 ("[W]hether a given fact is an element of the crime itself or a sentencing factor is a question for Congress.").

¶27 The People argue that we should hew to tradition and treat the fact of a prior conviction as a sentence enhancer for felony DUI purposes because that is what most other states have done. In fact, while it is true that about half of the states treat prior DUI convictions as sentence enhancers for the felony DUI offense,[4]

---

[4] *Ex parte Parker*, 740 So.2d 432, 435 (Ala. 1999); *Robbins v. Darrow*, 148 P.3d 1164, 1167 (Ariz. Ct. App. 2006); *State v. Laboy*, 117 A.3d 562, 568 (Del. 2015); *Lowenthal v. State*, 593 S.E.2d 726, 729 (Ga. App. Ct. 2004); *State v. Burnight*, 978 P.2d 214, 218–19 (Idaho 1999); *People v. Braman*, 765 N.E.2d 500, 503 (Ill. App. Ct. 2002); *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999); *State v. Kendall*, 58 P.3d 660, 667–68 (Kan. 2002); *Commonwealth v. Ramsey*, 920 S.W.2d 526, 528 (Ky. 1996); *Commonwealth v. Bowden*, 855 N.E.2d 758, 764 n.11 (Mass. 2006) (noting that prior convictions still must be proved beyond a reasonable doubt but they are not formally elements of the crime); *People v. Callon,* 662 N.W.2d 501, 508 (Mich. Ct. App. 2003); *Swaim v. State*, 203 So.3d 697, 700 (Miss. Ct. App. 2016); *State v. Rattles*, 450 S.W.3d 470, 473–74 (Mo. Ct. App. 2014); *State v. Weldele*, 69 P.3d 1162, 1172, (Mont. 2003); *State v. Huff,* 802 N.W.2d 77, 102 (Neb. 2011); *Ronning v. State*, 992 P.2d 260, 261 (Nev. 2000); *State v. Thompson*, 58 A.3d 661, 663 (N.H. 2012); *State v. Begay*, 17 P.3d 434, 435–36 (N.M. 2001); *Commonwealth v. Reagan*, 502 A.2d 702, 704 (Pa. Super. Ct. 1985); *State v. Payne*, 504 S.E.2d 335, 336 (S.C. Ct. App. 1998); *State v. Bacon*, 286 N.W.2d 331, 332 (S.D. 1979); *State v. Nash*, 294 S.W.3d 541, 551 (Tenn. 2009);

15

more than a third treat the fact of prior convictions as an element.[5] Ultimately, neither the traditional treatment of prior convictions nor the trends in other states can outweigh the import of the language and structure selected by our General Assembly. This is particularly the case in light of the serious risk of unfairness that would be associated with permitting the fact of prior convictions to be proved to a judge in this context.

### 3. The Risk of Unfairness

¶28 A person convicted of felony DUI (a class four felony) may be sentenced to a presumptive range of two to six years in the custody of the Colorado Department of Corrections. § 18-1.3-401(1)(a)(V)(A.1); *see also Huckabay*, ¶ 17, 463 P.3d at

*State v. Palmer*, 189 P.3d 69, 72 (Utah Ct. App. 2008), *aff'd*, 220 P.3d 1198 (Utah 2009); *State v. Tatro*, 635 A.2d 1204, 1207 (Vt. 1993); *State v. Braunschweig*, 921 N.W.2d 199, 208 (Wis. 2018); *Derrera v. State*, 327 P.3d 107, 110–11 (Wyo. 2014).
[5] *Ross v. State*, 950 P.2d 587, 589–90 (Alaska Ct. App. 1997); *Peters v. State*, 692 S.W.2d 243, 245 (Ark. 1985); *State v. Tenay*, 114 A.3d 931, 939 (Conn. App. 2015); *State v. Finelli*, 780 So.2d 31, 33 (Fla. 2001); *State v. Wheeler*, 219 P.3d 1170, 1185 (Haw. 2009); *Warner v. State*, 406 N.E.2d 971, 973–76 (Ind. Ct. App. 1980); *State v. Ellender*, 274 So.3d 144, 151 (La. Ct. App. 2019); *State v. Berkelman*, 355 N.W.2d 394, 396 (Minn. 1984); *People v. Van Buren*, 631 N.E.2d 112, 113 (N.Y. 1993); *State v. Hyden*, 625 S.E.2d 125, 127 (N.C. App. 2006); *State v. Mann*, 876 N.W.2d 710, 713–14 (N.D.), *vacated on other grounds*, 137 S. Ct. 114 (2016) (mem.); *State v. Brooke*, 863 N.E.2d 1024, 1027 (Ohio 2007); *Baker v. State*, 966 P.2d 797, 798 (Okla. Crim. App. 1998); *State v. Probst*, 124 P.3d 1237, 1244–45 (Or. 2005); *Oliva v. State*, 548 S.W.3d 518, 519–20 (Tex. Crim. App. 2018); *McBride v. Commonwealth*, 480 S.E.2d 126, 127 (Va. 1997); *State v. Santos*, 260 P.3d 982, 984 (Wash. Ct. App. 2011); *State v. Fox*, 531 S.E.2d 64, 66 n.2 (W. Va. 1998).

286–87. By contrast, a sentence for misdemeanor DUI, even for a third offense, cannot lead to more than one year in county jail. *See* § 42-4-1307(3), (5), (6). Aside from the sheer length of possible confinement, a felony conviction carries with it a wide range of significant collateral consequences. *See, e.g.*, § 1-2-103(4), C.R.S. (2020) (preventing convicted felons, while confined, from voting or registering to vote); § 18-12-108(1), C.R.S. (2020) (preventing convicted felons from owning firearms); § 18-1.3-801(2), C.R.S (2020) (subjecting a convicted felon to potential sentencing as a habitual criminal); § 13-90-101, C.R.S. (2020) (exposing a convicted felon to potential impeachment on the stand based on prior convictions); §§ 12-20-404(1)(d)(I), 12-100-120(1)(e), 44-20-121(3)(c), C.R.S. (2020) (potentially barring convicted felons from working in certain regulated professions). The fact that a felony DUI conviction, as compared to a misdemeanor DUI conviction, permits significantly more serious consequences counsels in favor of the conclusion that the legislature intended to treat the fact of prior convictions as an element, at least absent some clear indication to the contrary.

¶29 Indeed, the unfairness that would be associated with permitting a defendant to be tried for a misdemeanor to the jury and then sentenced for a felony by the judge on the basis of a fact that had to be proved only by a preponderance of the evidence is so significant that it risks running afoul of the Sixth Amendment.

17

¶30　True, the U.S. Supreme Court has previously explained that in the Sixth Amendment context, prior convictions need not be proved to a jury even when they increase the sentencing maximum. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). But importantly, the Court has never applied *Apprendi*'s prior-conviction exception to allow a judge, instead of a jury, to find a fact that transforms a misdemeanor offense into a felony. *See United States v. Rodriguez-Gonzales*, 358 F.3d 1156, 1160–61 (9th Cir. 2004). Neither have we ever had occasion to consider whether a prior conviction that changed the nature of an offense from a misdemeanor to a felony might have to be proved to a jury beyond a reasonable doubt. And at least two states that have considered this question have concluded that "[w]hen existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke*, 863 N.E.2d 1024, 1027 (Ohio 2007); *see also State v. Mann*, 876 N.W.2d 710, 713 (N.D.) ("Whether a prior offense constitutes an essential element of a crime depends upon the offense charged. A prior offense constitutes an essential element if it elevates the offense of a given crime."), *vacated on other grounds*, 137 S. Ct. 114 (2016) (mem.). One division of our court of appeals has reached the same conclusion. *People v. Viburg*, 2020 COA 8M, ¶ 15, __ P.3d __ (noting that "transforming a misdemeanor into a felony does far more than simply increase the

potential punishment; it changes the very nature of the offense"); *see also People v. Schreiber*, 226 P.3d 1221, 1225 (Colo. App. 2009) (Bernard, J., dissenting) (arguing that when the fact of a prior conviction converts a misdemeanor to a felony, it must be considered an element of the offense in light of the significant differences in consequences of misdemeanor and felony convictions).

¶31    We think there are good reasons to question the legitimacy of proving prior convictions only to a judge when the prescribed penalties (and attendant collateral consequences) for felony DUI are so significant. Ultimately though, subject to constitutional limitations, whether the fact of prior convictions constitutes an element of the offense or a sentence enhancer depends on legislative intent. As such, if we can glean a clear legislative intent in either direction, then we may leave aside the Sixth Amendment issue and simply resolve this case as a matter of statutory interpretation. And here, as discussed above, we conclude that the General Assembly intended for the fact of prior convictions to be treated as a substantive element of felony DUI to be tried to a jury and found beyond a reasonable doubt, not a sentence enhancer to be found by the court.

¶32    Because Linnebur was sentenced for a crime different from the one on which the jury's verdict was based, his sentence must be reversed. *See Medina v. People*, 163 P.3d 1136, 1141–42 (Colo. 2007). The error did not affect the jury's guilty verdict as to Linnebur's misdemeanor DWAI and DUI per se, however, and we

19

therefore conclude that the case should be remanded for sentencing on those charges.

## III. Conclusion

¶33    Linnebur's prior DUI convictions were an element of the offense of felony DUI that should have been charged in his indictment and presented to a jury. Because they were not, Linnebur's sentence as a felony offender must be set aside. We therefore reverse the judgment of the court of appeals and remand for sentencing on the misdemeanor DUI offenses that were properly found by the jury.

**JUSTICE MÁRQUEZ** dissents, and **JUSTICE SAMOUR** joins in the dissent.

JUSTICE MÁRQUEZ, dissenting.

¶34    Relying on factors identified in *United States v. O'Brien*, 560 U.S. 218, 225 (2010), and *Castillo v. United States*, 530 U.S. 120, 124–31 (2000), the majority concludes that a repeat offender's prior convictions are elements of separate felony offenses for driving under the influence ("DUI"), driving while ability impaired ("DWAI"), and DUI per se under section 42-4-1301, C.R.S. (2020), and therefore must be proved to the jury beyond a reasonable doubt. Maj. op. ¶¶ 2, 17–32. I disagree. If anything, the *O'Brien/Castillo* factors relied on by the majority point in the opposite direction. Specifically, the statutory language and structure of section 42-4-1301, the longstanding traditional treatment of recidivism as a sentencing factor, and the risk of unfairness to the defendant in presenting a repeat DUI offender's prior convictions to a jury all indicate legislative intent to treat the defendant's prior convictions as a sentence enhancer, not an element of separate felony offenses for DUI, DWAI, or DUI per se.

¶35    By elevating the misdemeanor offenses of DUI, DWAI, and DUI per se to a class 4 felony where the defendant has three or more prior convictions for such offenses, *see* § 42-4-1301(1)(a) (DUI), (1)(b) (DWAI), (2)(a) (DUI per se), the General Assembly merely intended to enhance the penalty for recidivist behavior. It did not create entirely new felony offenses with prior convictions serving as "elements" of such offenses. Regardless, to the extent that due process or the Sixth

1

Amendment right to a jury trial requires that any fact that increases the penalty be submitted to a jury and proved beyond a reasonable doubt, the U.S. Supreme Court has specifically exempted the fact of a prior conviction from this requirement. *See United States v. Booker*, 543 U.S. 220, 224 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see also Misenhelter v. People*, 234 P.3d 657, 660 (Colo. 2010).

¶36    I conclude that the legislature intended a repeat DUI offender's prior convictions to serve as a sentence enhancer under section 42-4-1301. Moreover, because section 42-4-1301 does not provide the applicable burden of proof, the existence of those prior convictions may be proved to a judge at sentencing by a preponderance of the evidence. Because I would affirm the judgment of the court of appeals upholding Linnebur's convictions and sentence, I respectfully dissent.

## I.  Legal Principles

¶37    Much rides on whether a particular fact constitutes an element of an offense or a sentencing consideration. This element/sentence enhancer distinction often arises in the double jeopardy context and implicates the doctrine of merger. *See, e.g.*, *Lewis v. People*, 261 P.3d 480, 482–83 (Colo. 2011); *People v. Leske*, 957 P.2d 1030, 1039 (Colo. 1998). Here, we are concerned with due process and the right to a jury trial. Under these constitutional guarantees, all elements of a crime must be submitted to a jury and proved by the government beyond a reasonable doubt.

2

U.S. Const., amend. VI, XIV; *O'Brien*, 560 U.S. at 224; *Apprendi*, 530 U.S. at 476–77; *Vega v. People*, 893 P.2d 107, 111 (Colo. 1995). Sentencing factors, by contrast, may be proved to a judge at sentencing by a preponderance of the evidence. *O'Brien*, 560 U.S. at 224; *see also People v. Schreiber*, 226 P.3d 1221, 1224 (Colo. App. 2009) (holding that where a statute does not establish the burden of proof, the prosecution may prove the existence of a prior conviction by a preponderance of the evidence).

¶38 Regardless of the context in which the issue arises, whether a given fact is an element of a crime or a sentencing factor is a question of legislative choice. *O'Brien*, 560 U.S. at 225; *Lewis*, 261 P.3d at 482–83, 485. Thus, we must discern the legislature's intent.

¶39 Here, the majority turns to the factors identified in *O'Brien* and *Castillo* to discern whether the General Assembly intended to treat a defendant's prior convictions as an element or a sentence enhancer under section 42-4-1301. But examining section 42-4-1301 through the lens of the *O'Brien*/*Castillo* factors relied on by the majority does not reveal legislative intent to treat a defendant's prior convictions as elements of a separate felony offense to be submitted to a jury and proved beyond a reasonable doubt. Instead, the plain language and structure of section 42-4-1301, the longstanding traditional treatment of recidivism as a sentencing factor, and the risk of unfairness to the defendant in presenting a repeat

3

DUI offender's prior convictions to a jury indicate legislative intent to treat these prior convictions as a sentence enhancer to be presented to a judge and established by a preponderance of the evidence.[1]

## II. Analysis

## A. Statutory Language and Structure

¶40 First, the plain language and structure of section 42-4-1301 indicate that the General Assembly intended to treat a repeat offender's prior convictions as a sentence enhancer, not an element of a separate felony offense.

¶41 Section 42-4-1301(1)(a), which establishes the offense of "driving under the influence," provides:

> A person who drives a motor vehicle or vehicle under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, commits driving under the influence. Driving under the influence is a misdemeanor, but it is a class 4 felony if the violation occurred after three or more prior convictions, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI; vehicular homicide . . . ; vehicular assault . . . ; or any combination thereof.

¶42 The first sentence of section 42-4-1301(1)(a) defines the elements of the offense: "A person who drives a motor vehicle or vehicle under the influence of

---

[1] *O'Brien* and *Castillo* also identify the severity of the sentence and legislative history as relevant to discerning whether a fact is an element or a sentence enhancer. *O'Brien*, 560 U.S. at 225; *Castillo*, 530 U.S. at 129–31. Because the majority does not rely on these factors in its analysis, I do not address them here.

4

alcohol or . . . drugs . . . commits driving under the influence." No more is required. The second sentence classifies the offense of "driving under the influence," so defined, as a misdemeanor. However, the provision goes on to say that the offense is a class 4 felony if "the violation" (that is, the act of driving under the influence) occurred after the defendant had three or more prior convictions for DUI, DUI per se, DWAI, or other vehicular offenses. Put simply, the penalty for the offense of "driving under the influence" is enhanced if the defendant is a recidivist.[2]

¶43 Importantly, proof of the existence of prior convictions is not necessary to convict a defendant of the offense of "driving under the influence." Thus, the language and structure of the statute indicate that the General Assembly intended a defendant's prior convictions to serve as a penalty enhancement rather than a substantive element. It is also consistent with the legislature's treatment of prior convictions in other statutes, such as cruelty to animals, § 18-9-202, C.R.S. (2020), and indecent exposure, § 18-7-302, C.R.S. (2020). In those examples, a defendant's prior convictions are considered sentence enhancers rather than elements of the

---

[2] Section 42-4-1301(1)(b), which establishes the offense of "driving while ability impaired," and section 42-4-1301(2)(a), which establishes the offense of "DUI per se," are structured the same way and contain identical language elevating the misdemeanor offense to a class 4 felony based on a defendant's prior convictions.

offenses.  *See People v. Harris*, 2016 COA 159, ¶ 75, 405 P.3d 361, 375 ("Cruelty to animals is a class 1 misdemeanor; however, a second or subsequent conviction is a class 6 felony.  Under this statutory scheme, the prior conviction is a sentence enhancer rather than a substantive element of the offense." (citation omitted)); *Schreiber*, 226 P.3d at 1223 (concluding that under the indecent exposure statute, a defendant's prior convictions are a "sentence enhancer, not a substantive offense, because: (1) a defendant may be convicted of the underlying offense without any proof regarding the sentence enhancer; and (2) the sentence enhancement provision only increases the potential punishment").

¶44     By contrast, when the General Assembly intends the fact of prior convictions to serve as an element of an offense, it expressly includes the prior convictions in the definition of the offense, such as with felony escape, § 18-8-208(1), C.R.S. (2020) ("A person commits a class 2 felony if, *while being in custody or confinement following conviction of a class 1 or class 2 felony*, he knowingly escapes from said custody or confinement." (emphasis added)), and possession of a weapon by a previous offender ("POWPO"), § 18-12-108(1), C.R.S. (2020) ("A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm . . . *subsequent to the person's conviction for a felony . . . .*" (emphasis added)).  In these examples, we have treated the prior conviction as an element of the substantive offense charged.  *See*

6

*People v. McKnight*, 626 P.2d 678, 683 (Colo. 1981) ("Evidence of a prior conviction is an essential element of the offense of escape."); *People v. Fullerton*, 525 P.2d 1166, 1167 (Colo. 1974) ("Under the [POWPO statute], the prior conviction does not go merely to the punishment to be imposed, but rather is an element of the substantive offense charged.").

¶45    By focusing on inferences drawn from later amendments to a separate provision, *see* maj. op. ¶¶ 19–24, the majority blurs the line between elements and sentence enhancers and overlooks that our ultimate task is to determine what the General Assembly meant by the words it chose when it defined the offenses at issue. Because we must "presume that the General Assembly understands the legal import of the words it uses and does not use language idly, but rather intends that meaning should be given to each word," *Dep't of Transp. v. Stapleton*, 97 P.3d 938, 943 (Colo. 2004), I conclude that, consistent with how the General Assembly has treated prior convictions elsewhere in the Criminal Code, the statutory language and structure it employed to define the offenses here reflect its intent to treat a defendant's prior convictions in section 42-4-1301 as a sentence enhancer, not as elements of separate felony offenses.

## B.  Tradition

¶46    Second, of the *O'Brien/Castillo* factors relied on by the majority, perhaps the most powerful indicator of the legislature's intent is that an offender's recidivism

7

"is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998). Indeed, recidivism is "as typical a sentencing factor as one might imagine." *Id.* at 230. This is because (consistent with the discussion above) recidivism "does not relate to the commission of the offense," but instead goes only to punishment. *Id.* at 244 (quoting *Graham v. West Virginia*, 224 U.S. 616, 629 (1912)). Indeed, in describing this factor, the *Castillo* court expressly noted that "[t]raditional sentencing factors often involve . . . *characteristics of the offender, such as recidivism*." *Castillo*, 530 U.S. at 126 (emphasis added).

¶47 The majority acknowledges that tradition weighs in favor of considering the fact of prior convictions as a sentence enhancer but concludes that the inferences it draws from the language and structure of sections 42-4-1301 and -1307 are weightier than this tradition. Maj. op. ¶ 26. While I agree that the legislature *could* choose to make the fact of prior convictions an element of a separate felony offense, here it plainly has not done so. Thus, if anything, the language employed here by the legislature only reinforces the traditional understanding of a defendant's recidivism as a sentencing factor, not an element of the offense itself.

## C. The Risk of Unfairness

¶48 Third, the risk of unfairness to the defendant from presenting the jury with his prior convictions likewise indicates legislative intent to treat the defendant's

8

prior convictions as a sentence enhancer, not an element of a separate felony offense.

¶49 The majority points to the collateral consequences associated with a felony conviction to conclude that failing to treat a defendant's prior convictions as elements to be proved to a jury beyond a reasonable doubt risks violating the Sixth Amendment. Maj. op. ¶¶ 28–29. The majority also observes that the U.S. Supreme Court has never applied *Apprendi*'s prior-conviction exception to allow a judge, instead of a jury, to find a fact that transforms a misdemeanor offense into a felony. Maj. op. ¶ 30. But in my view, this *O'Brien/Castillo* factor points in precisely the opposite direction.

¶50 At the outset, I note that a repeat DUI offender facing a felony conviction under section 42-4-1301 already enjoys certain procedural protections. As the majority observes, section 42-4-1301(1)(j) requires the People to set forth the defendant's prior convictions in the indictment or information. Maj. op. ¶ 19. Moreover, as we held in *People v. Tafoya*, a defendant in custody who faces a potential felony conviction under the statute is entitled to a preliminary hearing under section 16-5-301(1), C.R.S. (2020). 2019 CO 13, ¶ 16, 434 P.2d 1193, 1196; maj. op. ¶ 24. And I agree, as do the People, that such a defendant is entitled to be tried to a unanimous verdict by a twelve-member jury. § 18-1-406(1), C.R.S. (2020); maj. op. ¶ 24.

9

¶51    Relatedly, although I conclude that the *fact* of a prior conviction may be established for purposes of section 42-4-1301 by a preponderance of the evidence, it bears emphasis that the prior convictions themselves were subject to constitutional due process protections. *See Jones v. United States*, 526 U.S. 227, 249 (1999) ("[U]nlike virtually any other consideration used to enlarge the possible penalty for an offense, . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees."); *Apprendi*, 530 U.S. at 496 (observing that "there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof").

¶52    This leads to my main point, which is that the *Apprendi* prior-conviction exception[3] is itself grounded in the recognition that presenting a jury with evidence of a defendant's prior crimes risks unfairness to that defendant. Yet by

---

[3] *Apprendi*, 530 U.S. at 490 (holding that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (emphasis added)).

treating a defendant's prior convictions as an element of a separate felony offense under section 42-4-1301, the majority invites that very risk.

¶53    *Apprendi*'s prior-conviction exception can be traced back through *Jones* to *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 476 (quoting *Jones*, 526 U.S. at 243 n.6); *Jones*, 526 U.S. at 248–49 (citing *Almendarez-Torres*, 523 U.S. at 230, 243, 245). Importantly, *Almendarez-Torres* recognized that to treat a defendant's prior conviction as an element of a substantive criminal offense "risks unfairness." 523 U.S. at 234. There, recognizing that "the introduction of evidence of a defendant's prior crimes risks significant prejudice," the Court concluded that Congress intended to treat a defendant's prior convictions as a sentencing factor and not a separate criminal offense, noting that it did not believe "Congress would have wanted to create this kind of unfairness in respect to facts that are almost never contested." *Id.* at 235. It appears the Court had this same "risk [of] unfairness" in mind when it discussed this factor in *Castillo*. *See* 530 U.S. at 127 (citing *Almendarez-Torres* for the potential unfairness of placing the fact of recidivism before a jury).

¶54    Today's decision strikes me as an example of "be careful what you wish for." A defendant's prior convictions for drinking and driving related offenses now will be presented to a jury as an element of the felony offense—for drinking and driving—despite the risk of prejudice to the defendant. To the extent defendants

11

anticipate that these prior convictions can be somehow bifurcated from the remaining elements of the felony offense, that may be wishful thinking. In *Fullerton*, a defendant charged with POWPO moved for a bifurcated trial, "argu[ing] that to impart knowledge of the defendant's prior record to the jury would unduly influence a verdict and finding on the issue of possession." 525 P.2d at 1167. We rejected that contention, holding that, "[b]ecause the defendant's prior record was not merely relevant to punishment, but was an element of the crime charged," the trial court's decision to grant a bifurcated trial "was in excess of its jurisdiction." *Id.* at 1168. In so holding, we noted that where "the issues sought to be tried separately are both elements of the same crime," bifurcation "would unduly interfere with the administration of the criminal justice system." *Id.*

¶55 Though we are not presented with this issue today, our reasoning in *Fullerton* would appear to preclude bifurcation in the DUI context too. Indeed, other jurisdictions addressing this issue have followed a similar approach despite defendants' objections. *See Baker v. State*, 966 P.2d 797, 798 (Okla. Crim. App. 1998) (concluding that the defendant's stipulation to a prior DUI conviction did not bar the prosecution from introducing evidence of the conviction at trial because "the right of the state, or of the accused, to present material evidence in support of an issue, cannot be taken away or the force of the evidence weakened by an admission

12

or stipulation of the facts sought to be proven" (quoting *McFay v. State*, 508 P.2d 273, 276 (Okla. Crim. App. 1973)); *State v. Fox*, 531 S.E.2d 64, 65–66 (W. Va. 1998) ("The State's agreement to stipulate to the prior convictions does not take that evidence out of the purview of the jury. Regardless of whether evidence of prior convictions is presented by stipulation or during trial, the jury must be allowed to consider the evidence to determine whether the accused is guilty of third offense DUI.").

¶56 Given this risk of unfairness to the defendant, I would decline to conclude that the General Assembly intended to treat a defendant's prior convictions as an element that must be proved to a jury beyond a reasonable doubt.

### III. Conclusion

¶57 Examining section 42-4-1301 under the factors identified in *O'Brien*/*Castillo*, I conclude that the General Assembly intended to treat a defendant's prior convictions as a sentence enhancer. Because the statute does not provide the applicable burden of proof, such prior convictions may be established by a preponderance of the evidence. I would affirm the judgment of the court of appeals upholding Linnebur's convictions and sentence. Therefore, I respectfully dissent.

I am authorized to state that JUSTICE SAMOUR joins in this dissent.